REQUESTED BY: Kenneth D. Steinmiller, Director, Retirement Systems of the State of Nebraska.
Where a county continues the employment of an employee who has attained the age of 72 who is not an elected official, should contributions to the Retirement System be accepted by your office?
No.
Section 23-2307, R.R.S. 1943, provides that all members of the County Employees' Retirement System shall pay to the county a sum equal to three percent of their salaries, and section 23-2308 requires the county clerk to pay to the carrier an amount equal to 200 percent of the amounts deducted in accordance with section 23-2307. Section 23-2317 provides for an annuity upon retirement based upon the value of the sums so accumulated for each employee.
Section 23-2315 provides that the counties shall adopt rules as to required retirement, but provides that such rules shall require retirement no later than the end of the month in which the employee's 72nd birthday occurs, except with respect to elected officials.
You state that a county has continued the employment of a nonelected employee after he has attained the age of 72. Your problem is whether you should accept the contribution tendered for his account pursuant to section 23-2308. We conclude that you should not.
There is, of course, no answer to this question to be found in the statutes, because the statutes contemplate that they will be obeyed, and do not make provision for the situation where they are not. The employee's continued employment appears to be illegal under section 23-2315. We believe, however, that section 23-2307 can reasonably be construed to authorize contributions only by persons who are legally employed by the county, and who are legally members of the retirement system. This employee is not legally employed.
If only employee contributions were involved, it might be argued that it is the employee's money, voluntarily contributed to increase his annuity. However, section 23-2308
requires a matching contribution by the county, which is clearly an illegal contribution to the employee's fund. The county has no right to make such a contribution, nor you to accept it.
We are therefore of the opinion that you should refuse to accept further contributions by or on behalf of this employee. You should not, of course, start to pay him retirement benefits, because he has not retired as contemplated by section 23-2301(2). His funds should simply be retained until he qualifies for and accepts retirement, which cannot be until after he has ceased county employment.